UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CHENTILE GOODMAN, )
                               Plaintiff, )  Case No. 2:11-cv-01447-MMD-CWH
                               )
vs. ) **ORDER**
                               )
LAS VEGAS METROPOLITAN POLICE )
DEPARTMENT, *et al.*, )
                               Defendants. )

       This matter is before the Court on the parties' Amended Stipulation to Extend Dispositive Motion Deadline (#79), filed on December 5, 2012, and Defendants' Emergency Motion to Extend Dispositive Motion Deadline (#80), filed on December 5, 2012.

       The Court denied the parties' prior request to extend the dispositive motion deadline without prejudice because the parties failed to comply with LR 26-4. *See* Order #78. After reviewing the parties' Amended Stipulation and Emergency Motion, the Court finds that the excusable neglect standard has been met. In evaluating excusable neglect, the court considers the following factors: (1) the danger of prejudice to the opposing party, (2) the length of delay and its potential impact on the proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993); *see also Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010).

       Here, there is little danger of prejudice to Plaintiff because she has agreed to the requested extension. Additionally, the Court understands that Defense counsel intended to comply with the December 5, 2012 dispositive motion deadline and the motion is made in good faith. There is also a minor impact on the proceedings as a trial date has not been scheduled. However, the Court notes that this is the parties' ninth request for an extension of a discovery deadline.

1  Additionally, Defense counsel indicates that she received notice on November 30, 2012 for
2  depositions that contributed to her inability to meet the dispositive motion deadline.  As such,
3  Defense counsel could have filed this motion prior to the expiration of the dispositive motion
4  deadline on December 5, 2012.  Further, the Court notes that Defendants' motion does not
5  qualify as an emergency as outlined in Local Rule 7-5(d).  Nevertheless, the Court finds that it is
6  appropriate to grant an extension of the dispositive motion deadline to January 10, 2013.

7  Based on the foregoing and good cause appearing therefore,

8  **IT IS HEREBY ORDERED** that the parties' Amended Stipulation to Extend
9  Dispositive Motion Deadline (#79) is **granted**.

10 **IT IS FURTHER ORDERED** that the Defendants' Emergency Motion to Extend
11 Dispositive Motion Deadline (#80) is **granted**.

12 DATED this 5th day of December, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge