LYSSA S. ANDERSON
Nevada Bar No. 5781
KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road, Suite 250
Las Vegas, Nevada 89113
Telephone: (702) 792-7000
Fax: (702) 796-7181
landerson@kcnvlaw.com

Attorneys for Defendants
LAS VEGAS METROPOLITAN POLICE DEPARTMENT;
JOHN SEGURA; and JAMES SIGNORELLO

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHENTILE GOODMAN,<br><br>        Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; COSMOPOLITAN INTERNATIONAL COMPANY, INC., a Nevada corporation; NEVADA PROPERTY 1, LLC, a foreign limited liability company; JOHN SEGURA; JAMES SIGNORELLO; and DOES 1-30; and ROES 1-30, jointly and severally,<br><br>        Defendants. | Case No. 2:11-cv-01447-MMD-CWH<br><br>**JOHN SEGURA AND JAMES SIGNORELLO'S MOTION FOR SUMMARY JUDGMENT** |

      Pursuant to Fed. R. Civ. P. 56, Defendant JOHN SEGURA ("Segura") and JAMES SIGNORELLO ("Signorello") (collectively "Defendants"), hereby move this Court for an Order Granting Summary Judgment on each of Plaintiff's claims for relief.

/ / /

/ / /

Defendants' motion is based on the pleadings and papers on file herein, the following memorandum of points and authorities, and the argument of counsel as made be heard by this Court pursuant to LR 78-2.

DATED this 10th day of January, 2013.

> KAEMPFER CROWELL RENSHAW
> GRONAUER & FIORENTINO
>
> BY:  */s/ Lyssa S. Anderson*
> LYSSA S. ANDERSON (Nevada Bar No. 5781)
> 8345 West Sunset Road, Suite 250
> Las Vegas, Nevada 89113
> **Attorneys for Defendants LAS VEGAS METROPOLITAN POLICE DEPARTMENT; JOHN SEGURA; and JAMES SIGNORELLO**

## MEMORANDUM OF POINTS & AUTHORITIES

### I.   INTRODUCTION

Segura and Signorello are both employed by Las Vegas Metropolitan Police Department ("LVMPD") as LVMPD Vice Detectives. As set forth in LVMPD's Motion for Summary Judgment, filed simultaneously, Segura and Signorello had reasonable suspicion that Goodman and Mosafer were loitering and conducted a *Terry* stop. Specifically, Segura and Signorello are able to demonstrate several articulable facts supporting their *Terry* stop of Goodman the night of the detention.

As Segura and Signorello had reasonable suspicion, the detention was not a violation of Goodman's constitutional rights. Moreover, Segura's seizure of Goodman's cellular phone was done in accord with *Terry* and for officer's safety under NRS 171.1232. Plaintiff has not plead or demonstrated that Signorello was in any way involved in the seizure of her cell phone. With respect to an alleged search of her purse, the undisputed facts show that neither Segura nor Signorello were involved the alleged search of Plaintiff's purse.

Even if this Court were to find that a constitutional violation occurred, as set forth herein, Segura and Signorello are entitled to qualified immunity as any mistakes that they may have made were reasonable ones. Finally, Goodman brings several state law claims against Segura and Signorello. Segura and Signorello are immune to those state law claims pursuant to NRS 41.032. However, even if Segura and Signorello do not enjoy this immunity from suit, the causes of action independently fail against Segura and Signorello due to the fact that Goodman has failed to establish facts sufficient to warrant these claims going to a jury. Accordingly, this Court should grant Segura and Signorello's Motion for Summary Judgment in its entirety.

## II. STATEMENT OF FACTS

Segura and Signorello incorporate by reference the statement of facts and supporting exhibits contained in LVMPD's Motion for Summary Judgment, filed contemporaneously.

## III. STANDARD FOR SUMMARY JUDGMENT

Fed. R. Civ. P. 56 requires entry of summary judgment when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 250, 106 S. Ct. 205, 91 L. Ed. 2d 202 (1986); *Newton v. Uniwest Financial Corp.*, 802 F. Supp. 346, 352 (D. Nev. 1990).

A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. See *Admiralty Fund v. Hugh Johnson & Co.*, 677 F. 2d 1301, 1305-1306 (9th Cir. 1982). The movant must show the absence of a genuine issue of material fact. *Garcia vs. Burns*, 787 F. Supp. 948, 949 (D. Nev. 1992).

/ / /

/ / /

An issue is not genuine if the evidence presented is self-serving and uncorroborated. As Justice Scalia wrote in *Scott vs. Harris*, 550 U. S. 372, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007):

> When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

The burden then shifts to the respondent to present evidence that support a verdict in its favor on every element of its claim. *Newton*, 882 F. Supp at 352. If the respondent's claim appears implausible within the factual context, the respondent must then more persuasive evidence than would otherwise be necessary to defeat the summary judgment motion. *Garcia*, 787 F. Supp. 948, 949. Finally, the summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action. *Celotex Corp. v. Catrett*, 477 U. S. 317, 327, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

### IV.   LEGAL ARGUMENT

**A.   Segura and Signorello are Entitled To Summary Judgment On Plaintiff's Claim for Relief For a Violation Of 42 U.S.C. §1983.**

**1.   No Constitutional Violations Occurred.**

Segura and Signorello incorporate by reference, as if fully set forth herein, the argument set out in LVMPD's Motion at Section IV A 1(a)-(c).

**2.   Segura and Signorello are Entitled to Qualified Immunity.**

Where a defendant raises qualified immunity, the court must rule on that issue as early in the proceedings as possible in order to avoid the expense of an unnecessary trial. *Saucier v. Katz*, 533 U. S. 194, 200-01, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001). Qualified immunity is "an <u>immunity from suit</u> rather than a mere defense to liability; and like absolute immunity, it is

effectively lost if a case is erroneously permitted to go to trial." *Id*. (citation omitted) (emphasis in original).

A finding of qualified immunity depends on a two part inquiry by the Court. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L.Ed.2d 272 (2001). First, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officers' conduct violated a constitutional right?" *Id.* Second, "if a violation could be made out on a favorable view of the parties' submissions, the next sequential step is to ask whether the right was clearly established. *Id.* However, if the allegations taken as true do not establish a violation, "there is no necessity for further inquiries." *Id.*

### a. *No Constitutional Violation Occurred.*

As set forth *supra*, in Section IV A 1, Segura and Signorello conducted a lawful *Terry* stop due to the existence of reasonable suspicion. Further, Segura's seizure of the phone was permitted by *Terry* for officer safety and was permitted under NRS 171.1213. Finally, neither Segura nor Signorello searched Plaintiff's purse. (**Exhibit E**, page 54, lines 16-22; **Exhibit D**, page 50, lines 7-10).

### b. *A Reasonable Person would believe that Segura and Signorello's Conduct was Lawful.*

Assuming this Court were to find that reasonable suspicion to conduct a *Terry* stop may not have existed, Segura and Signorello are still entitled to qualified immunity if a reasonable police officer could have believed that his conduct was lawful in light of clearly established law and the information the searching officers possessed. *Case v. Kitsap County Sheriff's Department*, 249 F. 3d 921, 926 (9th Cir. 2001); See also, *Anderson v. Creighton*, 483 U. S. 635, 636-37, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987) (holding that a "law enforcement officer who participates in [conduct] that violates the Fourth Amendment may [not] be held personally liable if the reasonable officer could have believed that the [conduct] comported with the Fourth

1  Amendment"); *Kennedy v. City of Ridgefield*, 439 F. 3d 1055, 1061 (9th Cir. 2001) (explaining
2  that "it may be difficult for a police officer to determine how to apply relevant legal doctrine to
3  the particular circumstances she or he faces.  If an officer makes a mistake in applying the
4  relevant legal doctrine, he or she is not precluded from obtaining qualified legal immunity so
5  long as the mistake is reasonable").

6  Qualified immunity shields an officer from trial when the officer "reasonably
7  misapprehends the law governing the circumstances she confronted," even if the officer's
8  conduct was constitutionally deficient. *Motley v. Parks*, 432 F. 3d 1072, 1077 (9th Cir. 2005)
9  (quoting *Brosseau v. Haugen*, 543 U.S. 194 (2004) (per curiam)). In other words, qualified
10 immunity protects "all but the plainly incompetent or those who knowingly violate the law."
11 *Malley v. Briggs*, 475 U. S. 335, 341, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986).

12 In the instant case, even if Signorello and Segura made a mistake in detaining Goodman,
13 their mistake was a reasonable one.  As set forth in LVMPD's Motion, Supreme Court precedent
14 and Ninth Circuit precedent establish that reasonable suspicion to justify an investigatory stop is
15 formed by specific articulable facts which, together with objective and reasonable inferences,
16 form the basis for suspecting that person detain is engaged in criminal activity.  Based upon the
17 undisputed facts, as set forth in LVMPD's Motion, any mistake made by these officers regarding
18 reasonable suspicion was entirely reasonable.  This was not a situation where an unknown
19 female was stopped simply based her clothing or her location.  Instead, the totality of the
20 circumstances certainly gave rise to a reasonable believe that Goodman could be engaging in
21 prostitution related events.  Under these circumstances, Defendants' detention of Goodman falls
22 far short of being "plainly incompetent" or a knowing violation of the law.

23 Further, with respect Segura's seizure of the cell phone, again, Segura would be entitled
24 to qualified immunity.  Both *Terry* and Nevada Law provide for search and seizure of weapons

under certain circumstances. In *U.S. v. Sinclair*, 983 F.2d 598 (4th Cir. 1993), the court held that "the officers reasonable belief may derive as much from his experiences in similar cases as from his knowledge of dangerous propensities of the subject at hand." *Id.* at 603. According to testimony from these Defendants, prostitution is an ugly business. The officers have been subjected to some violence in their attempts to detain pimps and prostitutes. (**Exhibit D**, page 55, lines 3-25). In addition, the officers testified under oath that cell phones are often weapons in disguise or can be used as weapons. (**Exhibit D**, page 55, lines 13-14; **Exhibit E**, pages 30-31, lines 24-25; 1-2). Lastly, Goodman began to use the phone at a time when she was being approached by Vice Detectives (**Exhibit A**, page 67, lines 3-5). Thus, her act, even if innocent, raised the spectre of danger to Vice. Segura's seizure of an item known by him to be used as a weapon, cannot be construed as plainly incompetent.

Finally, the undisputed testimony in this case establishes that neither Segura nor Signorello searched Plaintiff's purse. Thus, the Court need not undertake an analysis as to whether they are entitled to qualify immunity, as Goodman has failed to demonstrate, through admissible evidence, that either Defendant engaged in this behavior.

**B.    Segura and Signorello are Immune from Goodman's State Law Claims.**

Segura and Signorello incorporate by reference the argument in LVMPD's Motion at Section IV B, as if fully set forth herein.

**C.    Plaintiff's First Cause of Action Fails Against Segura and Signorello.**

Segura and Signorello incorporate by reference the argument in LVMPD's Motion at Section IV C, as if fully set forth herein.

/ / /

/ / /

/ / /

**D.  Plaintiff's Fifth Cause of Action Fails Against Segura and Signorello.**

V.  Segura and Signorello incorporate by reference the argument in LVMPD's Motion at Section IV D, as if fully set forth herein.

In addition to the Points and Authorities in LVMPD's Motion, it must be noted that in her claim for intentional infliction of emotion distress, Plaintiff alleges that she was referred to as a whore and prostitute in front of third persons and was advised that she would be going to jail. (Amended Complaint ¶ 89).  As set forth more fully herein, Plaintiff has never alleged that Signorello ever called her any of those names or that Signorello informed her that she going to jail.  Indeed, Plaintiff has no admissible evidence to establish that Signorello did anything of the sort.

With regard to Segura, as set forth herein, Plaintiff has testified under oath that Segura never called her a whore, prostitute, working girl, hooker or the like.  Instead, Plaintiff has alleged that offhand comments were made during the detention of up to eighteen (18) women. Plaintiff has conceded that none of these comments were specifically directed at her or referred to her.  Moreover, Plaintiff has testified under oath that she was never told by anyone that she was going to jail.  (**Exhibit A**, page 122, lines 3-8).  Instead, she was specifically told that she was not going to jail.  *Id.*

**E.  Plaintiff's Fourth Case of Action Fails Against Segura and Signorello.**

As set forth in this Court's Order on the Cosmopolitan's Motion to Dismiss, to establish a claim of defamation, a Plaintiff must demonstrate " (1) a false and defamatory statement by a defendant concerning the Plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damaged." *Pegasus v. Reno Newspapers, Inc.,* 57 P.3d 82, 90 (Nev. 2002).  In her Amended Complaint, Plaintiff alleged that Defendant Segura and Signorello defamed her by calling her a "whore, prostitute, working girl,

KAEMPFER CROWELL RENSHAW GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

hooker or the like". (Amended Complaint ¶ 78). Plaintiff further alleged that by taking her into custody and ejecting her from the premises, all Defendants defamed her through pantomime indicating that she was a criminal. (Id.)

Plaintiff's allegations of defamation fail against both Segura and Signorello as the undisputed facts clearly demonstrate that no one directly labeled Plaintiff as any of these things. Plaintiff testified under oath that Segura did not specifically call her a ho or whore. (**Exhibit A**, pages 98-100). Instead, she alleged that off-hand comments about "hos" were made by Officers but not about her specifically. (Id.). It is undisputed that Plaintiff was in the room with at least fourteen (14) women who were arrested for prostitution related offenses. (**Exhibit D**, page 26). Thus, it is more likely than not, if such statements were truly made, which Defendant Segura denies, that the statements were directed at others and not Plaintiff. With regard to Signorello, Plaintiff makes no allegation that he made any of those statements, let alone to her or about her.

Moreover, with respect to the allegations of pantomime, Plaintiff testified under oath that she was 86'd from Cosmopolitan and escorted out by a Cosmopolitan security officer. (**Exhibit A**, page 118, lines 24-25). Thus, neither Segura nor Signorello defamed Plaintiff through pantomime concerning her ejection.

With regard to taking her into custody, it is also an undisputed fact that both Segura and Signorello were undercover. Neither were wearing a uniform or otherwise had any outward indicators that they were police officers. (**Exhibit A**, page, 74, lines 8-12). Segura and Signorello engaged in conversation with the Plaintiff and walked with her back to the security office. Plaintiff does not recall whether Segura held her arm the entire time they were walking to security office. (**Exhibit A,** page 73, lines 4-12). Plaintiff was unable to provide evidence in her deposition that anyone observed her interaction with undercover officers, let alone that they knew and understood that she was being taken into custody. (**Exhibit A,** page 74, lines 13-25).

Under these circumstances, Plaintiff's allegations of defamation by pantomime fail. In this Court's Order on the Cosmopolitan's Motion to Dismiss, the Court found dispositive the fact that she was not handcuffed and was not paraded before others by Cosmopolitan employees during her ejection. If Plaintiffs escort by a uniformed security officer out of the Cosmopolitan does not constitute defamation by pantomime, Plaintiffs escort by undercover police officers to the security office cannot constitute defamation by pantomime.

### F.     Plaintiff's Second Cause of Action Fails.

Assuming that the Court does not find that Defendants are immune from this claim, the claim still fails. Plaintiff's Second Cause of Action is for battery. Plaintiff alleges she was battered when Segura attempted to take her cell phone. Plaintiff also alleges that Segura may have held her arm while walking with her back to the security office. (**Exhibit A**, page 73, lines 4-12). Plaintiff could not say whether he held her arm the entire time. (**Exhibit A**, page 73, lines 4-12). Plaintiff alleges no other touching. Plaintiff makes no allegations that Signorello touched her at all. Thus, Signorello is entitled to summary judgment as a matter of law.

As set forth in the Motion, Segura touched Plaintiff when he attempted to take her cell phone after she refused to give it to him. Even she concedes that he stated "give me your phone", or something to that effect, right around the time that he touched her. (**Exhibit A** page 67, lines 12-21). As set forth in the Motion, Segura attempted to get the cell phone as an issue of officer safety. His acts were constitutional under *Terry* and under the Nevada Statute. Any touching that occurred was minimal and was a consequence of detention and Plaintiff's actions during the detention.

/ / /

/ / /

/ / /

1   With regard to the escort to the security office, Segura does not recall holding Plaintiff's
2   arm.  Plaintiff is uncertain as to whether her arm held during the escort.  Most importantly,
3   however, as the detention was proper, the touching to effectuate it would be proper.  Based on
4   these facts, Defendant Segura should be entitled to summary judgment on this claim.

## CONCLUSION

Based on the foregoing, Segura and Signorello respectfully requests that this Court grant its Motion for Summary Judgment on all claims.

DATED this 10th day of January, 2013.

> KAEMPFER CROWELL RENSHAW
> GRONAUER & FIORENTINO
>
>
> BY: */s/ Lyssa S. Anderson*
> LYSSA S. ANDERSON (Nevada Bar No. 5781)
> 8345 West Sunset Road, Suite 250
> Las Vegas, Nevada 89113
> **Attorneys for Defendants LAS VEGAS**
> **METROPOLITAN POLICE DEPARTMENT;**
> **JOHN SEGURA; and JAMES SIGNORELLO**

1208064_1.doc  6943.40

Page 11 of 12

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed the foregoing **JOHN SEGURA AND JAMES SIGNORELLO'S MOTION FOR SUMMARY JUDGMENT** using the court's CM/ECF system which will send notification to the following:

John J. Graves, Jr., Esq.
Graves & Leavitt
601 South Sixth Street
Las Vegas, Nevada 89101
(702) 385-7277
(702) 385-1178 - facsimile
gravesleavitt@aol.com
**Attorneys for Plaintiff**

Robert A. Nersesian
Nersesian & Sankiewicz
528 South Eighth Street
Las Vegas, Nevada 89101
(702) 385-5454
(702) 385-7667 - facsimile
vegaslegal@aol.com
**Attorneys for Plaintiff**

DATED this 10th day of January, 2013.

/s/ Mary A. Opatrny
an employee of Kaempfer Crowell

KAEMPFER CROWELL RENSHAW GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

1208064_1.doc  6943.40