UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHENTILE GOODMAN,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>　　　　　　　　Defendants. | Case No. 2:11-cv-01447-MMD-CWH<br><br>ORDER<br><br>(Plf.'s Motion for Reconsideration – dkt. no. 46) |

Before this Court is Plaintiff's Motion for Reconsideration of Decision and Order Granting Nevada Property 1, LLC's Motion to Dismiss, or Alternatively, for Certification Pursuant to Fed. R. Civ. P. 54(b). (Dkt. no. 46.) For the reasons discussed below, the Court grants Plaintiff's Motion.

**I.　BACKGROUND**

The Court discussed the relevant factual background of this case in its May 14, 2012, Order, and does not repeat it here. (*See* dkt. no. 45.) The Order dismissed all claims against Defendant Nevada Property 1, LLC d/b/a the Cosmopolitan of Las Vegas ("Cosmopolitan") with prejudice. (*Id.*) On May 29, 2012, Plaintiff brought this Motion to Reconsider, arguing that the Court misapplied the good faith defense that Cosmopolitan sought as its basis for dismissing Plaintiff's claims, and that a newly decided Supreme Court case altered the law with respect to the application of this defense.

After filing its Motion, the Court also granted Plaintiff's Motion to Amend (*see* dkt. no. 49), and Plaintiff thereafter filed its Amended Complaint (dkt. no. 50).  Though the Amended Complaint alleges various claims against Cosmopolitan, the Court's May 14, 2012, Order dismissed those claims.  While Cosmopolitan has been dismissed from this suit pending decision on this Motion, this Order vacates the dismissal of two of Plaintiff's claims against Cosmopolitan.

## II.     LEGAL STANDARD

Although not mentioned in the Federal Rules of Civil Procedure, a motion to reconsider a final appealable order is appropriately brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See United States v. Martin,* 226 F.3d 1042, 1048 n.8 (9th Cir.2000).  Motions for reconsideration are committed to the discretion of the trial court. *See Sch. Dist. No. 1J. Mutlinomah County v. ACandS, Inc.,* 5 F.3d 1255, 1262 (9th Cir. 1993).

Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment.  The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Dismissal of Plaintiff's claims against Cosmopolitan with prejudice is a final judgment, which is properly appealable under Rules 59(e) or 60(b).  *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005) ("'Final judgment on the merits' is synonymous with 'dismissal with prejudice.'").

## III.    DISCUSSION

### A.     False Imprisonment Claim

In its May 14, 2012, the Court relied on *Grosjean v. Imperial Palace, Inc.*, 212 P.3d 1068, 1076-77 (Nev. 2009) to rule that Cosmopolitan is entitled to a good-faith

defense on Plaintiff's false imprisonment claim. The *Grosjean* Court held that while qualified immunity is not afforded to private casinos and their employees, "a good-faith defense to liability for damages *associated with Grosjean's § 1983* claim" is available. *Id.* at 1076 (emphasis added). The Court agrees with Plaintiff that the *Grosjean* decision does not address a good-faith defense in the context of a false imprisonment claim. Under Nevada law, the intent required to be liable for false imprisonment is "to confine the other or a third person within boundaries fixed by the actor," irrespective of the tortfeasor's purpose in attempting to confine. *See Hernandez v. City of Reno*, 634 P.2d 668, 671 (Nev. 1981) (listing elements of false imprisonment); Restatement (Second) of Torts § 44 cmt. a (1965) (noting that an "actor's motives in so confining the other are immaterial" so that "it is not important that he did not act maliciously or from motives of personal hostility or desire to offend the other"). Thus, Nevada law does not create a good-faith defense for a false imprisonment claim. Regardless of the precarious position that Cosmopolitan finds itself, its liability under false imprisonment is sufficiently alleged, and the good faith defense is not available to Cosmopolitan. Accordingly, the Court grants reconsideration of its Order dismissing the false imprisonment claim against Cosmopolitan.

    **B.**    **§ 1983 Claim**

Plaintiff also seeks reconsideration of the Court's order dismissing Plaintiff's § 1983 claim against Cosmopolitan. Plaintiff contends that the Court ignored key facts in deciding that good faith immunity bars Plaintiff's § 1983 claim, and applied the wrong standard in the wake of the Supreme Court's recent decision in *Filarsky v. Delia*, 132 S. Ct. 1657 (2012).

This Court's application of a good faith defense was premised on the Supreme Court's decisions in *Wyatt v.* Cole, 504 U.S. 158 (1992) and *Richardson v.* McKnight, 521 U.S. 399 (1997). In *Wyatt*, the Court held that private individuals who improperly used a state replevin law to compel a local sheriff to seize another's disputed property were not entitled to seek qualified immunity, since they acted without any connection to

3

1  government and pursued purely private ends.  However, *Wyatt* left open "the possibility
2  that private defendants faced with § 1983 liability . . . could be entitled to an affirmative
3  defense based on good faith and/or probable cause or that § 1983 suits against private,
4  rather than governmental, parties could require plaintiffs to carry additional burdens."
5  504 U.S. at 169.  In *Richardson*, the Court declined to extend the protections of qualified
6  immunity to prison guards employed by a private company working at a privately run
7  prison.  521 U.S. at 410-411.  Relying on these two cases, the Ninth Circuit allowed a
8  private towing company to assert a good faith defense against a § 1983 challenge to a
9  police-authorized vehicle towing in part because the company's actions "appeared to be
10 permissible under both local ordinance and state law."  *Clement v. City of Glendale*, 518
11 F.3d 1090, 1097 (9th Cir. 2008).

12         After oral argument on the Motion to Dismiss, but before this Court issued its
13 Order dismissing Plaintiff's claims against Cosmopolitan, *Filarsky v. Delia*, 132 S. Ct.
14 1657 (2012) was decided.  In *Filarsky*, the Supreme Court clarified its prior decisions
15 concerning the scope of immunities afforded to private § 1983 defendants and held that
16 a private attorney temporarily retained by the government is entitled to immunity.  It
17 clarified that "immunity under § 1983 should not vary depending on whether an individual
18 *working for the government* does so as a full-time employee, or on some other basis."
19 *Id.* at 1665 (emphasis added).  The Court made clear to point out that its decisions in
20 *Wyatt* and *Richardson* remained undisturbed.  Whatever remains of the "good faith"
21 immunity first hinted at in *Wyatt* and applied by the 9th Circuit in *Clement*, the holding in
22 *Filarsky* suggests that it is either coextensive with or simply replaced by the doctrine of
23 qualified immunity.[1]  Accordingly, *Filarsky* does not materially alter the legal landscape
24 that gives rise to this case.

---

[1] The Supreme Court's use of the term "working for the government" leaves open the possibility that *Filarsky* does not apply where, as here, the private entity is not retained by the government.  Even if that were the case, *Clement* remains good law, and no apparent functional difference exists between the qualified immunity test and the "good faith" test employed by *Clement*.

4

Nevertheless, the Court agrees that Plaintiff's § 1983 claims should have survived dismissal because, viewing the allegations under the standard governing dismissal, the Court cannot find that Cosmopolitan acted in good faith as a matter of law. Plaintiff's allegation, which must be accepted as true, that Cosmopolitan employees recognized the illegality of their conduct leaves open the possibility that Cosmopolitan's act or omission resulted or contributed to Plaintiff's unlawful detention. Plaintiff's original Complaint alleged that "security employees of Cosmopolitan became aware and verbally recognized that the detention of Chentile by Porkchop, Officer 2, and Cosmopolitan was without legal authority and questioned the detention." (Dkt. no. 1-1 at ¶ 34.) Plaintiff further alleged that "[d]espite the recognized illegality of the detention by Cosmopolitan and its personnel, without compulsion Cosmopolitan and its personnel continued to assist and partake in the detention of Chentile and to cooperate with Porkchop and Officer 2 in a detention of Chentile that was recognized by Cosmopolitan and its personnel as without legal authority." (*Id.* at ¶ 35.) These facts are not analogous to the circumstances in *Clement*, where the Ninth Circuit, viewing the facts under a summary judgment standard, found that the towing company was not aware of any facts that would be pertinent in determining whether notice had been given or was even constitutionally required. 518 F.3d at 1097. In contrast here, taking as true Plaintiff's allegations, Plaintiff's version of the facts show that Cosmopolitan's employees recognized the illegality of the detention and thus leaves open the possibility that Cosmopolitan's actions were not conducted in good faith, or in recognized contravention of clearly established law that prohibits unlawful detentions. Denying the motion to dismiss is particularly appropriate where factual dispute likely exists that bears on an ultimate finding of qualified immunity. *See e.g.*, *Torres v. City of Los Angeles*, 548 F.3d 1197, 1210-11 (9th Cir. 2008) (noting that where "historical facts material to the qualified immunity determination are in dispute," summary judgment is inappropriate). Accordingly, dismissing the § 1983 claim at this early stage of the litigation was in error.

///

## IV.  CONCLUSION

In light of the foregoing, Plaintiff's false imprisonment and § 1983 claim proceeds against Cosmopolitan.  Plaintiff's Amended Complaint, filed after the Court's May 14, 2012, Order is the operative pleading that will control any discovery opened as a result of this Order.

IT IS THUS HEREBY ORDERED that Plaintiff's Motion for Reconsideration of Decision and Order Granting Nevada Property 1, LLC's Motion to Dismiss, or Alternatively, for Certification Pursuant to Fed. R. Civ. P. 54(b) (dkt. no. 46) is GRANTED.  The Court's May 14, 2012, Order is vacated with respect to the Court's discussion of Plaintiff's false imprisonment and § 1983 claim.

IT IS FURTHER ORDERED that Defendant Cosmopolitan's Motion to Dismiss (dkt. no. 11) is GRANTED in part and DENIED in part.

ENTERED THIS 5th day of March 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE