# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| CHENTILE GOODMAN, | 2:11-cv-01447-MMD -VCF |
| Plaintiff, | **ORDER** |
| vs. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*, | **(Sealed Motion to Compel #110)** |
| Defendants. | |

Before the court is plaintiff Chentile Goodman's Sealed Motion to Compel Discovery and for Attorney's Fees. (#110). Defendants Las Vegas Metropolitan Police Department (hereinafter "LVMPD"), John Segura, and James Signorello filed a Sealed Opposition (#114), and plaintiff filed a Sealed Reply (#118).

**A.     Background**

On July 26, 2011, plaintiff filed her complaint in the Eighth Judicial District Court, Clark County, Nevada following an altercation at The Cosmopolitan of Las Vegas. (#1). The complaint states various state law causes of action, including battery, false imprisonment, and intentional infliction of emotional distress. (*Id*. at 11–14, 17). Plaintiff's complaint also states two claims arising under 42 U.S.C. § 1983. (*Id*. at 14–16). On September 8, 2011, LVMPD removed plaintiff's action pursuant to this court's federal question jurisdiction, 28 U.S.C. § 1331. (#1 at 30).

On November 2, 2011, the parties filed a Stipulated Discovery Plan and Scheduling Order, which specified that discovery would close on June 15, 2011. (#19). The parties subsequently extended

the discovery deadline seven times.  (#26, #32, #38, #43, #47, #66, and #68).  On October 2, 2012, plaintiff took Segura's deposition.  (*See* #110 at 8.)  Three days later, on October 5, 2012, discovery closed.  (#68).  The parties, nevertheless, filed an eighth stipulated request to extend discovery on December 4, 2012 (#77), which Magistrate Judge Hoffman denied as untimely under LR 26-4.  (#78).

On June 7, 2013–-eight months after the close of discovery—plaintiff filed the instant motion to compel.  (#110).  Notably, plaintiff's motion was filed under seal and without certifying that the parties met and conferred as required by LR 26-7(b).  (*See id*.).

**B.     Relevant Law**

Federal Rule of Civil Procedure 26(b)(2)(c) provides that "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

**C.     Discussion**

Plaintiff's motion to compel contains at least three fatal flaws.  First, under LR 26-7(b), "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action."  It is axiomatic that failure to comply with LR 26-7(b) warrants the denial of a motion to compel.  *See Shuffle Master, Inc. v. Progressive Games, Inc*., 170 F.R.D. 166, 172 (D. Nev.1996) (holding that personal consultation means the movant must personally engage in two-way communication with the nonresponding party to meaningfully discuss each

contested discovery dispute in a genuine effort to avoid judicial intervention).  Here, it is undisputed that the parties failed to meet and confer.  (*See* #118 at 18; #114 at 7).  Indeed, plaintiff's motion to compel plainly states that "[p]laintiff's counsel concedes" that no personal consultation was held.  (*See* #118 at 18.)

In addition to plaintiff's failure to comply with LR 26-7(b), plaintiff also failed to comply with LR 10-5(b).  LR 10-5(b) provides that "papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal . . . ."  In this case, plaintiff neither filed a motion for leave to file under seal nor specified in the motion (#110) why filing under seal is appropriate.

Plaintiff's motion to compel is also untimely.  Discovery closed on October 5, 2012.  (#68).  Although Segura's deposition was only held three days before the close of discovery, the parties successfully postponed the close of the discovery seven times and attempted to postpone the close of discovery an eighth time.  (*See* #26, #32, #38, #43, #47, #66, #68, and #77).  Plaintiff, therefore, had "ample opportunity" to either depose Segura on an earlier date or, as outlined by Magistrate Judge Hoffman's December 5, 2012 order, file a timely request to extend discovery.  (*See* #78).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that plaintiff's Motion to Compel Discovery and for Attorney's Fees (#110) is DENIED.  Plaintiff's motion (#110) and papers (#114, #118) will remain under seal until September 27, 2013, so that plaintiff may show good cause as to why plaintiff's motion and papers should remained sealed.  Failure to show good cause by September 27, 2013, will result in the motion (#110) and papers (#114, #118) being unsealed.

IT IS SO ORDERED.

DATED this 28th day of August, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE