UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHENTILE GOODMAN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>　　　　　Defendants. | Case No. 2:11-cv-01447-MMD-GWF<br><br>ORDER<br><br>(Defs.' Motion to Stay Pursuant to FRAP 8(a) – dkt. no. 127) |

　　　　Before the Court is Defendants Las Vegas Metropolitan Police Department, John Segura, and James Signorello's motion to stay proceedings pending interlocutory appeal. (Dkt. no. 127.) For the reasons set forth below, Defendants' motion is granted.

　　　　The relevant facts are recited in the Court's August 2, 2013 Order. (Dkt. no. 122.) In that Order, the Court denied Defendants Segura and Signorello's request for summary judgment on the issue of qualified immunity. (*Id.*) On August 30, 2013, Defendants filed a notice of appeal. (Dkt. no. 125.) Defendants now move to stay all proceedings in this case pending their appeal. (Dkt. no. 127.)

　　　　The Supreme Court has held that qualified immunity "is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1995) (emphasis in original). A district court order "deny[ing] a claim of qualified immunity, to the extent it turns on an issue of law, is an appealable final decision." *Id.* at 529. In the Ninth Circuit, "[a] proper appeal from a denial of qualified immunity

automatically divests the district court of jurisdiction to require the appealing defendants to appear for trial." *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992).

However, "[s]hould the district court find that the defendants' claim of qualified immunity is frivolous or has been waived, the district court may certify, in writing, that defendants have forfeited their right to pretrial appeal, and may proceed with trial." *Id.* (emphasis added). "In the absence of such certification, the district court is automatically divested of jurisdiction to proceed with trial pending appeal." *Id.*

Defendants move for a stay pursuant to *Chuman*.[1] They argue that their appeal "cannot be deemed *wholly* without merit[]" and that "there is *some* rational basis upon which to argue about whether the officers 'objectively could have believed' that their conduct was lawful." (Dkt. no. 127 at 4.) Plaintiff argues that Defendants' appeal is frivolous because "there is no likelihood, or even reasonable possibility, that the seizure of the Plaintiff's phone or search of her purse will be found to be anything other than unconstitutional . . . ." (Dkt. no. 131 at 4.)

The Court agrees with Defendants. While the Court held in its August 2, 2013, Order that, at the time of the alleged conduct, Plaintiff's Fourth Amendment right was clearly established such that Segura and Signorello knew their actions were unlawful, the Court recognizes that the appellate court could disagree. Defendants' appeal is thus not frivolous, even if their success is unlikely.

It is hereby ordered that the Motion to Stay Pursuant to FRAP 8(a) (dkt. no. 127) is granted.

The Clerk is ordered to administratively close the case.

DATED THIS 10th day of October 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] Defendants have not moved for a discretionary stay.

2