FILED
ENTERED
RECEIVED
SERVED O:
COUNSEL/PARTIES OF RECO:

OCT 16 2013

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPU

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

CHENTILE GOODMAN,

                      Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT, *et al.*,

                      Defendants.

Case No. 2:11-cv-01447-MMD-VCF

**ORDER**

(Renewed Motion to Seal #123)

This is a civil rights suit arising out of the detention of Chentile Goodman by the Las Vegas Metropolitan Police Department (hereinafter "LVMPD") on suspicion of prostitution during a Vice anti-prostitution sting operation. Before the Court is Defendant LVMPD's Renewed Motion to Seal (#123)[1] submitted on August 16, 2013. Plaintiff did not file an opposition.

**I.**    **Background**

The parties are currently conducting discovery and have filed two separate motions to seal. The first was filed on December 6, 2012. (#87). In this motion, LVMPD requested the Court to grant an order sealing certain exhibits in support of LVMPD's Motion for Partial Summary Judgment (#84). (*See* #87). Specifically, LVMPD requested the sealing of the deposition transcript of LVMPD Vice Officer James Signorello (#84-2) and the deposition transcript of LVMPD Vice Officer John Segura (#84-3). *Id.* In an Order dated August 2, 2013, the Court denied the Motion, but chose to temporarily suspend unsealing the transcripts to give Defendant leave to file a renewed motion to seal portions of the two

---

[1] Refers to the Court's docket number.

1

1 transcripts. (#122). The Court determined that the original Motion to Seal was "overbroad and
2 unsupported by 'specific factual findings.'" *Id.* The Court determined that LVMPD failed to
3 demonstrate a compelling reason to seal the entire transcripts, and instructed Defendant to identify
4 individual portions of the transcripts needing protection from the public eye, and to provide specific
5 support demonstrating a compelling reason for the sealing. *Id.* Accordingly, Defendant filed a Renewed
6 Motion to Seal (#123) on August 16, 2013, which is the subject of this Court Order.

7       The second motion to seal was filed on September 27, 2013. In this motion, Defendants
8 LVMPD, John Segura and James Signorello filed a Request for Pleadings to Remain Sealed, in which
9 they requested the continued sealing of Plaintiff's Motion to Compel (#110), Defendants' Opposition
10 (#114) and Plaintiff's Reply (#118). (#133). Attached to the Opposition (#114) was the deposition
11 transcript of John Segura. In an Order dated September 27, 2013, the Court granted the Request by
12 ordering that the pleadings—but not the deposition—remain sealed. (#134).

13       The Court now turns to Defendant LVMPD's Renewed Motion to Seal (#123) and examines
14 whether there is a compelling reason to seal portions of the two deposition transcripts.

15 **II.**    **Legal Standard**

16       A party seeking the sealing of materials attached to dispositive motions must meet the
17 "compelling reasons" standard set forth in *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172 (9th
18 Cir. 2006). The "compelling reasons" standard has a higher threshold than the "good cause" standard
19 used for documents attached to non-dispositive motions. *Id.* at 1180.

20       The starting point for both standards is that the public has the right "to inspect and copy public
21 records and documents, including judicial records and documents." *Id.* at 1178. In order to overcome
22 this presumption when requesting the sealing of documents attached to dispositive motions, a party must
23 show that "compelling reasons supported by specific factual findings...outweigh the general history of
24 access and public policies favoring disclosure," including the public's interest in understanding the
25

1   judicial process. *Id.* at 1178-79. The Court might grant sealing when the records in question could

2   become "a vehicle for improper purposes," such as when records might be used "to gratify private spite,

3   promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179. However,

4   "the mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or

5   exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

6   **III.    Discussion**

7           As Defendant asks this Court to seal portions of two deposition transcripts attached to a Motion

8   for Partial Summary Judgment (#84), a dispositive motion, Defendant must demonstrate compelling

9   reasons to do so. Defendant outlines the specific portions of the transcripts to be sealed and provides

10  four categories under which these portions might fall: (1) "Tactical Information," which Defendant

11  defines as necessary "to preserve the effectiveness of vice operations and to protect the security of

12  officers involved in those operations"; (2) "LVMPD Objection," which Defendant defines as necessary

13  "to preserve timely LVMPD objections offered in the course of the depositions"; (3) "Scandalous

14  Information," which Defendant defines as necessary "to protect personal information of the LVMPD

15  officers which is unrelated to the subject matter of this litigation"; and (4) "Personal Information,"

16  which Defendant defines as necessary "to protect against the dissemination of potentially embarrassing

17  details regarding an individual who was in the company of Plaintiff at the time of the incident which is

18  the subject of this litigation." (#123). Defendant assigns to each portion to be sealed one or more of the

19  four categories. *Id.*

20          While LVMPD complies with the Court's request to provide specific sections to be sealed, it

21  does not show compelling reasons to seal for the majority of the requested portions. An analysis of each

22  category follows:

23  ...

24  ...

25

A.    "Tactical Information"

The Court denies Defendant's motion with regard to Defendant's requests to seal portions of the transcripts dealing with tactical information. The portions assigned to "Tactical Information" do not describe anything beyond what the general public already understands about Vice operations: that undercover law enforcement officials enter casinos and pose as civilians in order to catch prostitutes who solicit business from them. For example, the public surely understands that undercover officials interact with potential prostitutes (#84-3, page 11, lines 5 and 16) and that the officials sometimes take the potential prostitutes to security offices (#84-3, page 42, lines 2-5). Further, much of what Defendant identifies as tactical information concerns constitutional law (e.g., Terry Stops) that the public already has access to. Additionally, other documents already on the docket (e.g., Judge Du's Order #122) describe in detail this "tactical information" when discussing the facts of this case. The Court has not found this information worthy of sealing. The information is basic enough that it does not trigger the need to hide it from the public under *Kamakana*. Thus, Defendant has failed to provide a compelling reason to seal the portions assigned to "Tactical Information."

B.    "LVMPD Objection"

The Court also denies Defendant's motion with regard to Defendant's request to seal information regarding "LVMPD Objection." Defendant does not point to any authority that indicates that portions of a deposition dealing with evidentiary objections can be sealed. An objection, by definition, excludes evidence from the courtroom; objections do not suppress information from the court's docket or the public record. *See generally Kamakana.* Thus, the Court finds that these portions should not be sealed.

Worth noting is the fact that Defendant seems to request that the whole deposition of Chentile Goodman (#84-1) be sealed as well. The only place in the Renewed Motion to Seal that this request appears is on page 10, in the last line under the portions of the deposition of James Signorello. (#123). Defendant lists "Exhibit 1" and assigns to it the category "LVMPD Objection." (#123). Presumably,

"Exhibit 1" refers to the deposition of Chentile Goodman (#84-1). If so, this request is out of place as it has nothing to do with the two depositions specifically at issue. Further, it does not meet the compelling reasons standard because, as discussed above, objections have to do with the admissibility of evidence and not the public's right to access court records. Additionally, Defendant fails to provide any explanation as to why this deposition in particular should be sealed.

### C.   "Scandalous Information" and "Personal Information"

Defendant does, however, meet the compelling reasons standard for certain portions assigned to "Personal Information" and "Scandalous Information." The Court finds that the public could use the date of birth of John Segura or James Signorello for "improper purposes," and thus orders the sealing of the following portions of the transcripts: Exhibit 3 (#84-3), page 6, line 14; and Exhibit 2 (#84-2), Page 7, line 14. Defendant also requests the sealing of portions in which an individual who accompanied Plaintiff at the time of the incident is associated with prostitution (#84-2, page 24, lines 17-19). The public could use this information for "improper purposes," such as scandal, libel or harassment. Thus, the Court orders the sealing of this individual's name throughout the entirety of both transcripts, regardless of whether Defendant requests that portion or not. Finally, the Court finds that a small portion dealing with the family of one of the deponents should be sealed. As law enforcement officers regularly deal with persons who might wish to cause them harm, the Court finds it appropriate to seal family information here so as to prevent the information from being used as "a vehicle for improper purposes." The specific portion to be sealed is as follows: Exhibit 3 (#84-3), page 76, line 8 to page 78, line 25.

Defendant fails to meet the compelling reasons standard for all other portions assigned to "Scandalous Information" or "Personal Information." The Defendant requests excessive sealing when only a very small portion need be sealed. For example, when a Defendant is asked his birthday, only the answer need be sealed. Neither the question about when his birthday is nor any other surrounding information need be sealed. As another example, when there is discussion about the individual who

1  could be scandalously associated with prostitution, only the name of the individual, and not the whole

2  discussion surrounding the name, need be sealed.

3       ACCORDINGLY, and for good cause shown,

4       IT IS ORDERED that Defendant's Renewed Motion to Seal (#123) be GRANTED IN PART

5  AND DENIED IN PART.

6       IT IS FURTHER ORDERED that Defendant file an unsealed version of #84 and its attachments

7  with the approved redactions. These redactions are: (1) the individual's name (*see* #84-2, page 24, lines

8  17-19) throughout the entirety of both transcripts; (2) line 14 of page 7 in the deposition of James

9  Signorello (#84-2); (3) line 14 of page 6 in the deposition of John Segura (#84-3); and (4) from line 8 of

10  page 76 through line 25 of page 78 in the deposition of John Segura (#84-3).[2]

11       IT IS SO ORDERED.

12       DATED this 16th day of October, 2013.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendant may also redact any portions of the Motion (#84) that contain the same information to be redacted in the depositions.

6