UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHENTILE GOODMAN,<br><br>                      Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>                      Defendants. | Case No. 2:11-cv-01447-MMD-VCF<br><br>ORDER<br><br>(Motion for Determination of Good Faith Settlement – dkt. no. 130) |

       On July 23, 2013, Nevada Property 1, LLC ("Nevada Property") filed a Notice of Settlement ("Notice"). (Dkt. no. 120.) The Notice said that Plaintiff and Nevada Properties reached a settlement agreement and that "[i]t is anticipated that this settlement will soon be reduced to writing and that [Plaintiff's] causes of action against [Nevada Property] will be dismissed with prejudice."

       On September 12, 2013, Nevada Properties filed this Motion for Determination of Good Faith Settlement ("Motion"). (Dkt. no. 130.) In the Motion, Nevada Property asks the Court "for a determination that its $25,000 settlement with Plaintiff . . . is in good faith" pursuant to Nev. Rev .Stat. § 17.245. A "determination of good faith [is] left to the discretion of the trial court based upon all relevant facts available, and . . . in the absence of an abuse of that discretion, the trial court's findings [will] not be disturbed." *See Carton v. B & B Equities Grp., LLC*, 2:11-cv-00746, 2013 WL 944562, at \*5 (D. Nev. Mar. 11, 2013) (*citing Velsicol Chem. Corp. v. Davidson*, 811 P.2d 561, 563 (Nev. 1991)). However, at this time, the Court does not have enough information to make a

"good faith" determination. The Motion does not clearly set out the terms of the settlement agreement and the settling parties have not filed a joint stipulation or any affidavits with the Court. The Motion's assertions that the settlement "was reached as part of arm's length negotiations" and that Plaintiff's acceptance "is a substantial, reasonable, and equitable resolution of the matter" are one-sided and not sufficiently supported.

The Motion also asks the Court to dismiss Nevada Property from this action under Fed. R. Civ. P. 54. While the Motion states that Nevada Property "has bought its peace," there is insufficient evidence on the record to allow the Court to conclude that there are no longer any pending claims against Nevada Property. Therefore, the Court cannot make "an express direction for the entry of judgment" in Nevada Property's favor as they request.

It is therefore ordered that Nevada Property's Motion for Determination of Good Faith Settlement (dkt. no. 130) is denied.

ENTERED THIS 23rd day of October 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE