**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| CHENTILE GOODMAN, | |
| Plaintiff, | Case No. 2:11-cv-01447-MMD-VCF |
| vs. | **ORDER** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al*., | |
| Defendants. | |

This is a civil rights suit arising out of the detention of Chentile Goodman by the Las Vegas Metropolitan Police Department (hereinafter "LVMPD") on suspicion of prostitution during a Vice anti-prostitution sting operation. Before the Court is Defendants' Motion for Clarification of Order (#139)[1] submitted on October 24, 2013. Plaintiff has not filed an opposition.

Defendants LVMPD, John Segura, and James Signorello seek clarification of this Court's Order dated October 16, 2013 (#137) in which the Court granted in part and denied in part Defendants' Renewed Motion to Seal (#123). (Mot. for Clarification (#139) at 1–2). Specifically, Defendants ask the Court to clarify which filings are to be redacted and by whom, and whether the employee statement by James Signorello (*see* #74-1 and 84-4) can be redacted in any way.

The Court clarifies its previous order by making three points. First, *Kamakana* is Ninth-Circuit law. As a result, *Kamakana* governs all court filings and takes precedence over the Stipulation and Order for Protective Order.

---

[1] Parenthetical citations refer to the Court's docket number.

1

1    Second, Plaintiffs and Defendants are responsible for ensuring that the (1) deposition transcript
2 of John Segura, (2) deposition transcript of James Signorello, and (3) employee statement by James
3 Signorello are redacted in accordance with the Court's October 16, 2013 order. (#137). As discussed in
4 the Court's October 16, 2013 order (#137), this means that the following information will be redacted:
5 (1) the individual's name (*see* #84-2, page 24, lines 17-19) throughout the entirety of both transcripts
6 and the employee statement; (2) line 14 of page 7 in the deposition of James Signorello; (3) line 14 of
7 page 6 in the deposition of John Segura; and (4) from line 8 of page 76 through line 25 of page 78 in the
8 deposition of John Segura.

9    This applies all filings that include these documents as an exhibit that either party filed unless
10 another court order specifically controls. In other words, Defendant must re-file unsealed redacted
11 versions of any of the three aforementioned documents that Defendant filed, and Plaintiff must re-file
12 unsealed redacted versions of any of the three aforementioned documents that Plaintiff filed. For
13 example, Plaintiff must re-file unsealed redacted versions of #84-2 and #84-3 because Plaintiff filed
14 those documents, and Defendants must re-file an unsealed redacted version of #114-1 because
15 Defendants filed that document.

16    Third, the parties are ordered to redact any portion of the employee statement that contains the
17 same information identified above. For the reasons discussed in the court's October 16, 2013 order
18 (#137), the catch-all "LVMPD objection" is an insufficient basis to seal the entire employee statement.

19    ACCORDINGLY, and for good cause shown,

20    IT IS ORDERED that Defendant's Motion for Clarification of Order (#139) is GRANTED.

21 ///
22 ///
23 ///

IT IS FURTHER ORDERED that both parties re-file unsealed redacted versions of the three documents for any of their previous filings as outlined above.

IT IS SO ORDERED.

DATED this 30th day of October, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE