# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

CHENTILE GOODMAN,

        Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.,*

        Defendants.

2:11-cv-01447-MMD-VCF

**REPORT AND RECOMMENDATION THAT DEFENDANT, NEVADA PROPERTY 1, LLC'S SECOND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT (#145) BE GRANTED**

    Before the court is Defendant, Nevada Property 1, LLC's Second Motion for Determination of Good Faith Settlement (#145), Plaintiff's Limited Joinder (#146), LVMPD Defendants'[1] Limited Response to Plaintiff's Limited Joinder (#147) and Plaintiff's Reply to LVMPD Defendants' Limited Response to Plaintiff's Limited Joinder (#148).

    Reviewing docket numbers 146-148, the court notes that Plaintiff and LVMPD Defendants reserve rights against each other respectively and preserve arguments regarding facts which may be relevant to this action, law which may be applicable and prior settlement efforts by all parties. Neither Plaintiff nor LVMPD Defendants opposes the assertion by Nevada Property 1, LLC that a finding of good faith settlement is appropriate in this case, pursuant to NRS § 17.245. Neither Plaintiff nor LVMPD Defendants opposes the entry of a final judgment in favor of Nevada Property 1, LLC, pursuant to FRCP 54(b).

    There is only one plaintiff here. There is no applicable insurance coverage at the level of the proposed settlement. The financial condition of the defendant is not in question here, given the amount

---

[1] LVMPD Defendants are all the currently active defendants other than Nevada Property 1, LLC, *i.e.* Las Vegas Metropolitan Police Department, John Segura and James Signorello.

of the settlement. Accordingly, the two relevant factors are (1) the amount paid in settlement and (2) the possibility that the settlement could be the result of collusion, fraud or tortuous conduct aimed to injure the interest of non-settling defendants. *The Doctors Co. v. Vincent*, 120 Nev. 644, 652; 98 P.2d 681,687 (2004); *In Re MGM Grand Hotel Fire Litigation*, 570 F.Supp. 913, 927 (D.Nev. 1983).

Reviewing the applicable filings and exhibits, the court FINDS that the proposed $25,000 settlement is reasonable under the circumstances and was agreed to in good faith, after arms-length settlement negotiations between plaintiff and Nevada Property 1, LLC. The court further FINDS that this settlement was not the result of collusion, fraud or tortuous conduct aimed to injure the interests of the non-settling defendants.

With regard to the request for entry of a final judgment, pursuant to this settlement, in favor of Nevada Property 1, LLC, considering the parties expectation of finality regarding the rights of plaintiff and Nevada Property 1, LLC, and the lack of any opposition by non-settling defendants, the court FINDS that there is no just reason for delaying the Entry of Judgment in favor of Nevada Property 1, LLC.

ACCORDINGLY, Good Cause Appearing, it is RECOMMENDED that:

(1) Defendant, Nevada Property 1, LLC's Second Motion for Determination of Good Faith Settlement (#145) be granted;

(2) Upon an express finding that there is no just reason for delay, the court should direct entry of final judgment dismissing Nevada Property 1, LLC, from this case, with prejudice, pursuant to FRCP 54(b); and

(3) Defendant, Nevada Property 1, LLC, should be discharged from all liability for contribution and for equitable indemnity to any other tortfeasor, pursuant to NRS § 17.245.

DATED this 12th day of May, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE